# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of <br> *(Briefly describe the property to be searched or identify the person by name and address)* <br> WILLNEAL D. CHEEKS (D.O.B. XX/XX/1982) | Case No. 22-968M(NJ) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To: Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the  Eastern  District of  Wisconsin
*(identify the person or describe the property to be searched and give its location)*:

  WILLNEAL D. CHEEKS (D.O.B. XX/XX/1982)

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

  WILLNEAL D. CHEEKS (D.O.B. XX/XX/1982)

**YOU ARE COMMANDED** to execute this warrant on or before  September 3, 2022  *(not to exceed 14 days)*
☑ in the daytime 6:00 a.m. to 10:00 p.m.   ☐ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to  Honorable Nancy Joseph  .
*(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
   ☐ for ____ days *(not to exceed 30)*   ☐ until, the facts justifying, the later specific date of _____.

Date and time issued: 08/19/2022 9:47 am

*Judge's signature*

City and state: Milwaukee, Wisconsin                Honorable Nancy Joseph, U.S. Magistrate Judge
                                                   *Printed name and title*

| Return | | |
|---|---|---|
| Case No.: 22-968M(NJ) | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

    I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

                                                          *Executing officer's signature*

                                                          *Printed name and title*

# ATTACHMENT A

Person to be searched

The person to be searched is Willneal D. CHEEKS, D.O.B., xx/xx/1982.

## ATTACHMENT B

Property to be seized

The property to be seized is saliva containing epithelial cells by buccal swab.

# UNITED STATES DISTRICT COURT
for the
Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

**WILLNEAL D. CHEEKS (D.O.B. XX/XX/1982)**

)
)
)
)
)
)

Case No.
22-968M(NJ)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:
**WILLNEAL D. CHEEKS (D.O.B. XX/XX/1982)**

located in the _____Eastern_____ District of _____Wisconsin_____, there is now concealed *(identify the person or describe the property to be seized)*:
**WILLNEAL D. CHEEKS (D.O.B. XX/XX/1982)**

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| U.S.C. 18 Section 922(g)(1) | Felon in possession of a firearm |

The application is based on these facts:
**See attached affidavit**

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days *(give exact ending date if more than 30 days: _____)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*D. Rybarik*
*Applicant's signature*

David Rybarik, FBI TFO
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by _____telephone_____ *(specify reliable electronic means)*.

Date: 8/19/22

*Nancy Joseph*
*Judge's signature*

City and state: Milwaukee, Wisconsin

Honoroable Nancy Joseph, U.S. Magistrate Judge
*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# APPLICATION FOR SEARCH AND SEIZURE WARRANT

I, David Rybarik, being first duly sworn, hereby depose and state as follows:

## I. INTRODUCTION AND AGENT BACKGROUND

1. I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a warrant to collect an oral swab or swabs of deoxyribonucleic acid (DNA) from saliva containing epithelial cells, further described in Attachment B, from the person of Willneal D. CHEEKS, DOB xx/xx/1982, further described in Attachment A.

2. I am a Racine Wisconsin Police Detective and a Task Force Officer with the Federal Bureau of Investigation (FBI) and have been employed in law enforcement since January 1999. As a Law Enforcement Detective and Task Force Officer, I have participated in numerous investigations regarding the unlawful possession of firearms by convicted felons. I have also conducted investigations related to gangs, drug conspiracies, homicides, the unlawful use of firearms, firearms trafficking, and identifying those that conspire or aid and abet those who commit these crimes.

3. In addition, as I am a Racine Police Detective and part of the Racine Police Major Crimes Unit and Special Investigations Unit – Gangs, as well as a FBI Task Force Officer, I have been tasked with the forensic recovery of electronic digital data from electronic devices. Such devices include: computers, cellular phones, digital video recorders, and storage devices—such as flash, memory, and thumb drives—for use in criminal investigations.

4. In the course of my experience, I have been, and continue to be, involved in investigations where DNA analysis provided evidence of crimes and of a particular person's participation in a crime, including the packaging and manufacturing of drugs, the control of or nexus to drug premises, and the possession of firearms, ammunition, and firearms accessories.

5. This affidavit is based upon my personal knowledge and upon information reported to me by Racine Police law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.

6. I have participated in numerous firearms trafficking and drug trafficking Investigations. These investigations have resulted in the seizure of computers, cellular phones, cameras, and other digital storage devices, and the subsequent analysis of electronic data stored within these devices. I have also participated in investigations involving the use of historical and prospective location information to identify targets, map patterns of travel, corroborate other evidence and apprehend persons to be arrested. On numerous occasions, this electronic evidence has provided proof of the crimes being investigated and corroborated information already known or suspected by law enforcement. I have regularly used electronic evidence, including information about historical and prospective wireless communications, to find proof relating to the commission of criminal offenses, including the manner, means, and identity of co-conspirators.

7. Based on my training and experience, I have become familiar with the language utilized over the telephone to discuss firearms and drug trafficking and know that the language is often limited, guarded, and coded. I also know that firearms and drug traffickers often use electronic devices (such as computers and cellular phones) and social media to facilitate these crimes, including to communicate and navigate.

8. Because this affidavit is submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only facts that I believe are sufficient to establish probable cause.

9. Based on my training and experience and the facts set forth in this affidavit, there is probable cause to believe that Willneal D. CHEEKS has committed a violation of Title 18,

United States Code, Section 922(g)(1)(felon in possession of a firearm) and that evidence will be found in an oral swab or swabs of deoxyribonucleic acid (DNA) from the saliva containing epithelial cells, further described in Attachment B, collected from the person of Willneal D. CHEEKS, further described in Attachment A.

## II. PROBABLE CAUSE

### A. Background

10. On July 1, 2022, Sgt. LaForge with the Racine Police Department (RAPD) was working on patrol operating marked squad R-34. Sgt. LaForge was driving northbound on North Memorial Drive approaching Maple Street in the City of Racine. At approximately 23:14 hrs., a 2019 Grey Dodge Durango was travelling southbound on North Memorial Drive waiting for Sgt. LaForge to clear the intersection to turn left (east) onto Maple St. At the same time, a 2002 Gray Dodge Charger was travelling southbound on North Memorial Drive behind the Durango. As Sgt. LaForge was alongside the Durango, the Charger crashed into the rear of the Durango. Sgt. LaForge notified dispatch of the crash, began blocking traffic, and began checking for possible injured parties.

11. Sgt. LaForge positioned his squad behind the Charger having his emergency lights activated. Air bags had been deployed throughout the vehicle, preventing Sgt. LaForge to see inside the Charger as he parked. As Sgt. LaForge stopped his squad, a black male exited the passenger front door of the Charger. The male black dropped a dense black object on the pavement and was struggling and fumbling to pick it up as he was trying to run. Sgt. LaForge suspected the object to be a firearm. Sgt. LaForge radioed a description of the suspect (black male, white shirt, red hat, grey sweatpants) prior to exiting his squad. Sgt. LaForge also provided a direction of travel and described the houses which the black male ran and disappeared. Sgt. LaForge

3

approached the Charger and found no one else was in the Charger, therefore the black male that fled was the operator. Additional squads responded to the area and set up a perimeter to locate the suspect.

12. Sgt. LaForge made contact with the operator and lone occupant of the Durango, A.G. A.G. stated to Sgt. LaForge that she was in shock and sat down in the street by her vehicle. Due to the nearby passing vehicles, Sgt. LaForge requested that A.G. move to the sidewalk. A.G. requested rescue for back and body pain. Sgt. LaForge observed A.G. to appear to be in pain clenching her jaw and frequently groaning.

13. A short time later Sgt. LaForge heard RAPD Officer Estep locate a party matching the description he had provided, and the party fled from Officer Estep as well. Moments later the party was arrested by RAPD Officers Ulickey, Holimon, Donald Rybarik, and Sgt. Debaker, after residents of 1609 Maple Street alerted them to the suspect's location. The suspect was identified as Willneal D. CHEEKS, dob 1982.

14. Officers checked CHEEKS' flight path and located the red hat he had been wearing, a firearm, a firearm magazine, and marijuana. Upon check of the Charger, Sgt. Laforge located several documents (mail and credit card) in the name of Willneal CHEEKS. Sgt. Laforge located a partially consumed bottle of Patron Tequila. At this time an unidentified female approached the Charger and asked about "his glasses" that might be inside. At approximately the same time, Sgt. DeBaker approached Sgt. LaForge and asked if there were prescription glasses inside. Sgt. LaForge did locate a pair of thick designer eyewear between the passenger seat and door.

15. Sgt. LaForge went to the transport van to see if CHEEKS would provide a statement. Sgt. Laforge observed CHEEKS wearing the glasses he had found and mentioned the glasses were returned to him. CHEEKS confirmed they had been returned to him. Sgt. Laforge

4

read CHEEKS his Miranda Rights. CHEEKS stated he understood his Rights but did not want to give a statement without an attorney present. CHEEKS was transported to RCSD jail.

16. Sgt. Laforge reported CHEEKS was the operator of a vehicle that was involved in a crash that injured another person, CHEEKS fled the scene upon police arrival without providing any of his information to the other operator or even checking if they were injured. CHEEKS was arrested for Hit and run – Involving Injury. Sgt. Laforge reported he observed CHEEKS drop, fumble, and pick up an object he believed to be a firearm. A firearm and matching magazine were located in CHEEKS' flight path. Last, a discarded bag of marijuana was located in the direct path Sgt. LaForge saw CHEEKS take while fleeing from him.

17. According to publicly available records, CHEEKS was convicted of conspiracy to distribute crack cocaine in *United States v. Cheeks*, Case No 08-Cr-162 (E.D. Wis.). Additionally, CHEEKS was convicted of Possession of Cocaine and Possession with Intent to Distribute Marijuana in *State of Wisconsin v. Cheeks*, Racine County Circuit Court Case No. 2003CF1317. And, at the time of the hit and run, CHEEKS was on extended supervision in connection with Racine County Circuit Court Case No. 2016CF1001, in which he was convicted of Possession with Intent to Distribute Cocaine.

### B. Collection and Swabbing

18. On July 1, 2022, at approximately 23:16 hrs., RAPD Officer Estep was on routine patrol when he heard Sgt. Laforge radio that he was out with a two vehicle accident near the intersection of North Memorial Drive and Maple Street. Sgt. Laforge then advised that a male with a white shirt and red hat had fled the scene, dropping something heavy and metallic. Sgt. Laforge called out the direction of travel of the suspect. Officer Estep responded to the area to attempt to locate the male who had fled the scene.

19. Officer Estep was at the intersection of W. 6th Street and Jones Avenue when he observed a male black with a white shirt crouch down behind a vehicle on the east side of the 300 block of Jones Avenue. Upon observing Officer Estep's squad, the male stood up and ran east down an alley in the 1500 block of Maple Street and W. 6th Street. Officer Estep observed the suspect to be a male black, having short hair, white t-shirt, and black and white shoes. Ofc. Estep called out the suspect's description and direction of travel. Ofc. Estep observed a red hat had been discarded next to 311 Jones Avenue. Officer Estep collected the hat as evidence and placed it into a bag.

20. Officer Estep reported a short time later the suspect was taken into custody in the 1500 block of Maple Street. Officer Estep responded to the 1500 block of Maple Street. Officer Estep found the individual in custody was the same individual Officer Estep had observed earlier to have fled from behind the car. The individual was identified as Willneal D. CHEEKS dob 1982.

21. Officer Estep acting as an evidence technician responded to the area of the accident scene and took photos of both the Durango and Charger. Officer Estep responded to 1527 Maple Street, where the firearm had been located by Officer Shoenbeck. Officer Estep took overall photos of the firearm. Officer Estep reported the firearm as a Glock 27 Gen 4 having serial number YVN402.

22. On July 5, 2022, Racine Police Department Criminalist S. Nuttall received the Glock 27 Gen 4 having serial number YVN402 for the purpose of possible DNA recovery. Nuttall collected potential DNA from the handgrips, sights, trigger, trigger guard, and top edge of the magazine of the gun. After all the swabs dried, Nuttall placed the swabs in new paper envelopes, and then packed and sealed the envelope with swabs in a new paper bag.

23. Upon completing the DNA recovery procedure, Criminalist S. Nuttall treated the firearm with cyanoacrylate ester (super glue) fumes to detect potentially present latent fingerprints. The Fingerprint Detection results showed no identifiable ridge detail developed on the firearm.

24. Based on my training and experience, I know that a sample of saliva containing epithelial cells may be found in and on a person. Swabbing the inside of a subject's mouth or cheek with a sterile cotton swab and preserving the saliva and cells obtained as a result is a reliable method for collecting a DNA sample. This process is called taking a "buccal swab" or "buccal smear." A case agent trained in how to collect a DNA sample and prevent contamination of the resulting evidence will conduct these searches using sterile swabbing kits for use in collection and preservation.

### III. CONCLUSION

25. Based on the information above, I submit that there is probable cause to believe that by taking oral swabs of CHEEK's mouth, there may now be found DNA that is evidence of the possession of a firearm in furtherance of the possession of a firearm and ammunition by a prohibited person, in violation of 18 U.S.C. § 922(g). Therefore, I request that this Court issue a search warrant to obtain samples of CHEEK's DNA from saliva containing epithelial cells for subsequent testing and evaluation.

# ATTACHMENT A

Person to be searched

The person to be searched is Willneal D. CHEEKS, D.O.B., xx/xx/1982.

## ATTACHMENT B

Property to be seized

The property to be seized is saliva containing epithelial cells by buccal swab.